**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| 62-64 BANK STREET, LLC, <br> *Plaintiff*, <br><br> v. <br><br> CARMINE AMELIO, <br> *Defendant.* | No. 3:25-cv-1994 (VAB) |

**RULING AND ORDER ON MOTION FOR RECONSIDERATION**

For the following reasons, Mr. Amelio's Motion for Reconsideration is **DENIED**. *See* Mot. to Amend/Correct Order, ECF No. 26.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The Court finds that the Defendant has not met this standard.

"Federal courts, as courts of limited jurisdiction, have subject matter jurisdiction only where Congress has conferred such jurisdiction on them." *United States v. Balde*, 943 F.3d 73, 88 (2d Cir. 2019). Mr. Amelio argues that this Court has subject matter jurisdiction but provides nothing new on this record. Nor does he point to any intervening change of controlling law that alters Judge Spector's finding that no subject matter jurisdiction exists under any of these statutes.

In essence, Mr. Amelio raises three analytically distinct arguments under 28 U.S.C. §§ 1331, 1332, and 1443 as to why this Court has subject matter jurisdiction over the Plaintiff's Complaint. Each of these arguments, however, fails.

First, Mr. Amelio argues that the Court has diversity jurisdiction under 28 U.S.C. § 1332. In his objection to the Recommended Ruling, Mr. Amelio submitted a deed to a property in New York listed in his and his joint tenant's name, as well as a utility bill for that property listing his joint tenant as the account holder. *See* Exhibits A & B to Obj., ECF No. 22. But Mr. Amelio's utility bill, which provides a billing summary for November 4, 2025 to December 8, 2025, cannot establish his domicile as of the date of this Complaint's filing in state court, and subsequent removal attempts, in 2024. *See Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019) ("The attached exhibits were similarly unavailing . . . the piece of mail was dated January 2018-both after the July 2016 filing.").

And the deed alone does not establish that New York is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk*, 935 F.3d at 53 (quoting *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000); *see Van Buskirk*, 935 F.3d at 54 ("As a threshold matter, residence alone is insufficient to establish domicile for jurisdictional purposes."); *see also United States v. Venturella*, 391 F.3d 120, 125 (2d Cir. 2004) ("One may have more than one residence in different parts of this country or the world, but a person may have only one domicile.").

Second, Mr. Amelio argues that his counterclaim provides subject matter jurisdiction over the Plaintiff's Complaint under 28 U.S.C. § 1331. But, notwithstanding Mr. Amelio's assertions to the contrary, "federal jurisdiction [cannot] rest upon an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). Indeed, "counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance." *Id.* at 62.

2

Third and finally, Mr. Amelio argues that subject matter jurisdiction exists under 28 U.S.C. § 1443, and that the Recommended Ruling did not address this argument. To establish subject matter jurisdiction under Section 1443, *see New York v. Smith*, 494 Fed.Appx. 138, 140 (2d Cir. 2012) ("§ 1443(1) provides both a procedural mechanism and subject matter jurisdiction . . ." (internal citations and quotations omitted)), Mr. Amelio must satisfy a two-pronged test. "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (citing *State of Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'" *Johnson*, 421 U.S. at 219 (citing *Rachel*, 384 U.S. at 803). Mr. Amelio has not met this standard.

His claim does not involve a violation of "specific civil rights stated in terms of racial equality." *Johnson*, 421 U.S. at 219; *see Chestnut v. People of State of New York*, 370 F.2d 1, 3 (2d Cir. 1966) ("[N]ot every violation of the equal protection clause will justify removal, but only those violations involving discrimination based on race") (citation and internal quotation marks omitted).

And nothing in this record suggests that any state law prevents him from raising his alleged violations of the law in state court. *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 827 (1966) ("It is *not* enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied . . . in advance of trial . . . or that that defendant is unable to obtain a fair trial in a particular state court . . . The civil rights removal statute does not require and does not permit the judges of the federal courts

to put their brethren of the state judiciary on trial.") (emphasis in original); *see also Chestnut*, 370 F.2d at 3 ("This provision normally requires that the 'denial be manifest in a formal expression of state law[.]'" (citing *Rachel*, 384 U.S. at 803); *cf. Smith*, 494 Fed.Appx. at 140 ("Nor does Smith offer any reason for us to conclude that the New York State courts cannot protect whatever federal rights he may assert . . . or that those rights will inevitably be denied.'") (quoting *City of Greenwood v. Peacock*, 384 U.S. at 828).

Accordingly, the Defendant's motion for reconsideration is denied and this case will be remanded to state court.

The Clerk of Court is respectfully directed to close this case here, and remand it to the Connecticut Superior Court, Judicial District of Litchfield at Torrington.

**SO ORDERED** at New Haven, Connecticut, this 26th day of June, 2026.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

4